UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Veronica R. Jones,

  et al.,

    Plaintiffs,

v.

Petland, Inc.,

  et al.,

    Defendants.

Case No. 2:08-cv-1128
Judge Michael H. Watson

Petland, Inc.,

    Plaintiff,

v.

Hydeaway Pets, LLC,

  et al.,

    Defendants.

Case No. 2:08-cv-1193
Judge Michael H. Watson

## OPINION AND ORDER

This consolidated putative class action concerns failed pet store franchises. Plaintiffs bring a claim under the the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). Plaintiffs also assert state law claims for fraud, fraudulent inducement, breach of contract, breach of implied contract, negligent misrepresentation, and breach of implied express warranties, and unjust enrichment. The Court has jurisdiction over this matter under 28 U.S.C. § 1332(d)(2).

Defendant Petland, Inc. ("Petland") moves to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), and failure to plead allegations of fraud and misrepresentation with particularity as required under Fed. R. Civ. P. 9(b). (Doc. 95). For the following reasons, the Court grants Petland's motion to dismiss.

## I. Facts

The Court derives the following facts from plaintiffs' amended complaint.

### A. The parties

Plaintiffs in this action are Dr. Veronica R. Jones and Robert C. Hyde. Jones and Hyde had a partnership organized under the laws of the State of Tennessee, plaintiff Hydeaway Pets LLC ("Hydeaway"), for the purpose of owning and operating a Petland franchise. The franchise was located in Murfreesboro, Tennessee.

Defendant Petland is an Ohio corporation with its principal place of business in Chillicothe, Ohio. Petland sells pets and pet supplies. It also franchises its pet supply business to franchisees.

Defendants Hunte Kennel Systems & Animal Care and Hunte Delivery System, Inc. (collectively, "Hunte") have their principal place of business in the State of Missouri. Hunte supplies puppies to pet stores, and is Petland's preferred supplier. Hunte supplied puppies to plaintiffs.

Defendant Loveland Pet Products, Inc. ("Loveland") has its principal place of business in Mason, Ohio. Loveland is one of the preferred suppliers of pet store merchandise to Petland. Loveland supplied merchandise to plaintiffs.

Defendant Dunn & Dunn Data Systems, Inc. ("Dunn & Dunn") has its principal place of business in Vero Beach, Florida. Dunn & Dunn developed the point of sale software system ("POS"). Petland requires its franchisees to purchase and use the POS system.

### B. Background

In early 2005, Jones and Hyde began to explore the possibility of owning and running a pet store. After performing some research on the Internet, Jones and Hyde believed that a Petland franchise would be a good investment, and accordingly they contacted Petland. Jones and Hyde were interested in opening a new store in Franklin,

Tennessee, but Petland offered them an existing store in Murfreesboro, Tennessee which had previously failed. Petland allegedly told Jones and Hyde that with minimal remodeling, capable owners could make $150,000 a month at the store.

Jones and Hyde entered into a Franchise Agreement with Petland on September 22, 2005. After Jones and Hyde formed Hydeaway, Hydeaway suceeded them as the franchisee in a Franchise Agreement dated January 7, 2006. Plaintiffs allege that Petland misled them into entering the Franchise Agreements by providing them false and misleading information concerning the Murfreesboro store as follows:

- a. False and/or inaccurate and misleading information regarding the true start-up costs to open the Murfreesboro Petland store consistent with Petland requirements and protocols;
- b. False and/or inaccurate and misleading information regarding the finances, profits and losses of the immediately preceding franchisee of the same store;
- c. False and/or inaccurate and misleading information regarding the reasons why the prior franchisee had failed to succeed in the same store location;
- d. False and/or inaccurate and misleading information regarding the viability of the animal kennels already in place in the store; and
- e. False and/or inaccurate and misleading information regarding the functionality of the POS data system servicing the Murfreesboro store.

Amended Compl. (Doc. 88) ¶ 39.

Plaintiffs opened their store on February 26, 2006. Animals delivered by Hunte were sick, causing plaintiffs to incur veterinarian bills of approximately $40,000. Moreover, the sick animals had to be placed in isolation and could not be sold for a period of ten or more days. Plaintiffs assert that the animals purchased from Hunte and the merchandise purchased from Loveland were overpriced. Plaintiffs also allege that Petland received kickbacks from its approved vendors. In addition, plaintiffs maintain that the Dunn & Dunn POS system never worked properly. Plaintiffs aver that as a result of these problems, they were forced to close the Murfreesboro store on July 20,

2008.

## C. Plaintiffs' claims

Plaintiffs filed their amended class action complaint on June 12, 2009, asserting the following claims:

Count I – Fraud as to Petland;

Count II – Fraudulent inducement as to Petland;

Count III – Breach of contract as to Petland;

Count IV – Breach of implied contract as to Petland;

Count V – Negligent misrepresentation as to Petland;

Count VI – RICO as to Petland;

Count VII – Breach of implied and express warranties of merchantability as to Hunte;

Count VII [sic] – Unjust enrichment as to all defendants;

Count VIII – Civil aiding and abetting as to defendants Hunte, Dunn & Dunn, Central Garden, Coastal, Hagen, and Loveland;

Count IX – Declaratory judgment as to Petland.

(Doc. 88). Petland thereafter filed a motion to dismiss the amended complaint, arguing that plaintiffs' RICO and unjust enrichment claims fail to state a claim upon which relief can be granted, and that plaintiffs failed to plead with particularity their claims based upon fraud and misrepresentation. (Doc. 95).

## II. Motion to Dismiss

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v.City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion ... gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557-58 (internal citations omitted).

### III. Discussion
#### A. Failure to plead with particularity

Petland argues that plaintiffs have failed to plead their RICO claim, as well as their common law claims for fraud, fraudulent inducement, and negligent misrepresentation, with particularity as required under Fed. R. Civ. P. 9(b). Plaintiffs contend that they have satisfied Rule 9(b)'s pleading requirement.

Plaintiffs do not dispute that their RICO claim, and their common law claims for fraud, fraudulent inducement, and negligent misrepresentation, are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Brown v. Cassens Trans. Co.*, 546 F.3d 347, 356 n.4 (6th Cir. 2008). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) recognizes that allegations of fraud "raise a high risk of abusive litigation." *See Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 569 n.14 (2007). The particularity requirement is designed to protect defendants from fishing expeditions. *U.S. ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 445 (6th Cir. 2008).

> Rule 9(b) is also meant to protect defendants from "'spurious charges of immoral and fraudulent behavior.'" *Bledsoe II*, 501 F.3d at 510 (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)); *accord United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 740 (7th Cir. 2007) ("'Greater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual))."' (quoting *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (citations omitted)). Lastly, Rule 9(b) is intended to provide defendants with "notice of the specific conduct with which they were charged," so that the defendants can prepare responsive pleadings. *Bledsoe II*, 501 F.3d at 510.

*Id.* To satisfy Rule 9(b), a plaintiff must allege, at a minimum, the time, place, and content of the alleged misrepresentation; the fraudulent scheme; the fraudulent intent of the defendant; and the injury resulting from the fraud. *Id.* at 444; *U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009).

Here, plaintiffs' allegations fall far short of Rule 9(b)'s requirements. At most, plaintiffs plead generally that Petland made misrepresentations "concerning" several categories of information. *See* Amended Compl. (Doc. 88) ¶ 39. *See also* Mem. in Opp. (Doc. 103) at 4 (listing categories of alleged misrepresentations). The amended complaint fails to divulge the time, place and content of Petland's alleged false or misleading representations to plaintiffs. As such, the amended complaint fails to satisfy the "minimum" requirements of Rule 9(b). Indeed, the amended complaint leaves Petland to guess what alleged misrepresentations it is accused of making from a number of general, and in some cases broad, categories of information. Hence, it does not provide Petland with the requisite notice of the specific conduct with which it is

charged. To allow plaintiffs' fraud and misrepresentation-based claims to proceed under these circumstances would thwart the important purposes of Rule 9(b) referred to above. The Court therefore holds that Counts I, II, V, and VI of the Amended Complaint are subject to dismissal for failure to meet the particularity requirement of Rule 9(b).[1]

## B. RICO

Petland alternatively seeks dismissal of plaintiffs' RICO claim on other grounds. Specifically, Petland argues that plaintiffs' RICO claim fails because plaintiffs have not alleged the existence of an enterprise separate and distinct from Petland.

Plaintiffs bring their civil RICO claim under 18 U.S.C. § 1962(c), which provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

*Id.* Any person injured by a violation of § 1962(c) may bring a civil action under that section to recover treble damages, attorney's fees, and costs. 18 U.S.C. § 1964(c). To plead a civil RICO claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Melton v. Blankenship*, No. 08-5346, 2009 WL 87472, at *2 (6th Cir. Jan. 13, 2009); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

It is plain that the language of this subsection precludes the "person"

---

[1] The Court rejects plaintiffs' suggestion that it is bound by an earlier decision in an unrelated case, *Arnold v. Petland*, No. 2:07-cv-1307, 2009 WL 816327 (S.D. Ohio Mar. 26, 2009). Even if *Arnold* was binding, the factual allegations supporting fraud in that case were far more specific than the general allegations in the instant case. Moreover, unlike the instant case, the thrust of Petland's motion to dismiss in *Arnold* was that the plaintiffs failed to plead their RICO claim with particularity because the plaintiffs did not allege specific instances of misrepresentations made *by mail or wire*. The Court rejected Petland's argument. *See Arnold*, No. 2:07-cv-1307, 2009 WL 816327, at *9 (citing *Bridge v. Phoenix Bond and Indem. Co.*, 128 S. Ct. 2131, 2138 (2008)).

> conducting or participating in an enterprise's affairs from simultaneously serving as the "enterprise." *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1150 n.2 (10th Cir. 1989). Because § 1962(c) requires separate legal entities as the "person" and the "enterprise," courts are in substantial agreement that a corporation cannot be named as the liable "person" and simultaneously fulfill the "enterprise" requirement as well. *See, e.g., id.* at 1150; *Schofield v. First Commodity Corp.*, 793 F.2d 28, 29-30 (1st Cir. 1986) (collecting cases); *B.F. Hirsch v. Enright Refining Co.*, 751 F.2d 628, 633-34 (3d Cir. 1984); *Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 747 F.2d 384, 399-402 (7th Cir. 1984); *cf. United States v. Hartley*, 678 F.2d 961 (11th Cir. 1982), *cert. denied*, 459 U.S. 1170 & 1183, 103 S.Ct. 815 & 834, 74 L.Ed.2d 1014 & 1027 (1983).

*Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1489 (6th Cir. 1989). *See also Williamson v. Ocwen Loan Servicing, LLC*, 3:09-0514, 2009 WL 5205405, at *4 (M.D. Tenn. Dec. 23, 2009); *Miller v. Norfolk Southern Ry. Co.*, 183 F. Supp. 2d 996, 1001-02 (N.D. Ohio 2002).

In the instant case, the amended complaint does not define or describe the enterprise that is the subject of plaintiffs' RICO claim. To the extent it suggests that Petland is the enterprise, the claim fails under *Puckett*. Nevertheless, in their opposing memorandum, plaintiffs argue that the franchisees may serve as the enterprise in this case. Plaintiffs propose that the Court should grant them leave to file a second amended complaint with such an allegation. In this scenario, the franchisees would simultaneously be the RICO enterprise and the victims of the enterprise's activities. Plaintiffs' proposed amendment would be futile because the franchisees cannot serve as both the enterprise and the victims of the alleged RICO activity. *Nat'l Org. Of Women, Inc. v. Scheider*, 510 U.S. 249, 259 (1994) (an "enterprise" under § 1962(c) is "generally the vehicle through which the unlawful pattern of racketeering activity is committed, rather than the victim of that activity"); *Jaguar Cars v. Royal Oaks Motor Car Co.*, 46 F3d 258, 267 (3d Cir. 1995) (victims cannot serve as enterprise); *Simon Property Group, Inc. v. Palombaro*, No. 08-1634, 2009 WL 1549293, at *5 (W.D. Pa. June 2, 2009) (same, following *Jaguar Cars*); *but see United States v. Browne*, 505 F.3d 1229, 1272-73 (11th Cir. 2007) (disagreeing with *Jaguar Cars*).

In sum, plaintiffs' amended complaint fails to define or describe the RICO enterprise. To the extent it describes Petland as the enterprise, the RICO claim is deficient as a matter of law. Plaintiffs argue, in cursory fashion, that the franchisees may be deemed the enterprise, and indicate the Court should grant them leave to allege as much in a second amended complaint. Such an amendment would be futile. For these additional reasons, the Court concludes that Petland is entitled to dismissal of plaintiffs' RICO claim.

### C. Unjust enrichment

Lastly, Petland seeks dismissal of Count VII, plaintiffs' claim for unjust enrichment. Petland argues that unjust enrichment will not lie where, as here, the parties' relations are governed by an express contract.

> The doctrine of unjust enrichment is a quasi-contractual theory of recovery which provides that "a person shall not be allowed to profit or enrich himself inequitably at another's expense, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made." *Norton v. City of Galion,* 60 Ohio App.3d 109, 573 N.E.2d 1208, 1209 (1989). Therefore, in order to successfully state a claim of unjust enrichment, a plaintiff must establish "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 465 N.E.2d 1298, 1302 (1984).

*Goodman v. Cisco Systems, Inc.,* 148 Fed. Appx. 378, 382 (6th Cir. 2005). "A party seeking a remedy under a contract cannot also seek equitable relief under a theory of unjust enrichment or quantum meruit, because the terms of the agreement define the parties' relationship in the absence of fraud, bad faith or illegality." *Wolfer Enter., Inc. v. Overbrook Development Corp.,* 132 Ohio App.3d 353, 357, 724 N.E.2d 1251, 1253 (1999). *See also Corbin v. Dailey,* No. 08AP-802, 2009 WL 491739, at *4 (Ohio App. 10 Dist. Feb. 26, 2009) ("However, the doctrine of unjust enrichment does not apply when a contract actually exists; it is an equitable remedy applicable only when the court finds there is no contract.").

Plaintiffs contend that their unjust enrichment claim survives because it is based upon allegations of fraud and bad faith that arise outside the context of the parties' agreements. *See Palm Beach Co. V. Dun & Bradstreet*, 106 Ohio App.3d 167, 174-75 (Ohio Ct. App. 1995) ("the unjust enrichment alleged by the company arises 'outside the parameters of the express contract,' and is premised upon fraud and bad faith arising from a pattern of activity which has little to do with the terms of the contract and more to do with Dun & Bradstreet's pricing scheme, billing, and accounting practices"). In the instant case, however, plaintiffs' unjust enrichment claim arises *directly* from the parties' agreements, as demonstrated by plaintiffs' own allegations with respect to that claim: "Defendants have, *by virtue of the franchise, asset purchase, and approved vendor agreements* entered into by plaintiffs and others like them throughout the United States, received tens of millions of dollars in payments from franchises that have never had the opportunity to be successful or receive any benefit from their investment." Amended Compl. (Doc. 88) ¶ 90 (emphasis added). Furthermore, as the Court has already found, plaintiffs have failed to plead any alleged underlying fraud with particularity as required under Fed. R. Civ. P. 9(b). In addition, plaintiffs' naked assertions of bad faith and illegality do not suffice to withstand a motion to dismiss. Consequently, the Court concludes that plaintiffs' unjust enrichment claim is barred by the existence of express agreements governing the parties' relations. Petland is therefore entitled to dismissal of plaintiffs' unjust enrichment claim.

## IV. Disposition

For the above reasons, the Court **GRANTS** defendants' motion to dismiss. (Doc. 95). The Court **DISMISSES** Counts I, II, V, VI and VII with prejudice.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**MICHAEL H. WATSON, JUDGE**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Court**